Richardson J.
delivered the opinion of the Court.
If the Judge was correct in his instructions to the jury, then, after the finding for the insurers, under the evidence of the facts and the actual occurrence of the fire, it is not to be questioned, that building the smoke-house within the kitchen, and tlie use made of it, so increased the risk, as to avoid the policy by the general principle of “the law of insurance.”
The established principle is this, “if the risk is materially increased by the act of the insured, and it causes the loss, that avoids the policy.” See Phil. on Ins. 573. “No underwriter has ever been held,” &c., “to be answerable for losses, directly and evidently occasioned by the fault of the assured himself;” do. P., 224.
This rule is familiar in marine insurances, in cases of wilful deviation from the voyage insured; Park. 17, 294; and in *285 insurance against fire, in cases of mismanagement causing the loss; 6 T. R., 710; 6 Taunt. 436. This is the law in such cases of loss. The question is upon its application. (I have not meant to say that the mere erection of the smoke-house, or even the use of it, would avoid the policy, whether it caused the loss or not,) as would seem to be the letter of the condition. That question need not be decided in this case.
But having laid down the rule of law, when the risk has been materially increased by the insured, I proceed to the proper question of the case, to wit: whether this general principle of insurance law can be applied to the particular policy before the Court. The distinction which is urged to take this case out of the general rule, arises out of what is called in the policy, “the classification of hazards,” and the “conditions” of insurance, both of which are appended under their respective titles or heads. The classification enumerates specifically and carefully; 1st. goods “not hazardous.” 2d. goods, trades, &c., deemed “hazardous.” 3d. those considered “extra hazardous;” and 4th. those “to bo insured at special rates of premiums.” After such classifies lions, come, what are called “conditions of insurance.” These conditions first specify several prerequisites before the policy will be given; and secondly, after the policy is executed, certain conditions arc set forth, which may render the policy void.
The particular condition now to be considered, is as follows: “if after the insurance is effected,” &c., “the risk be increased by any means within the control of the assured, or, if such buildings,” &c., “shall, with the assent of the assured, be occupied in any way so as to render the risk more hazardous than at the time of insuring, such insurance shall be void and of no effect.”
The case turns upon the construction and effect of this condition. The argument for a new trial is, that the terms, “if,” &c., “the risk be increased by any means within the control of the assured,” can mean no other than the hazards specified so carefully in the express classification of hazards, “ezpressio unius, esl exclusio alterius.” And, inasmuch as a smoke-house cannot be included under any of the many specifications of *286 hazards, the structure and use of it, and consequent loss by fire, do not avoid the policy, even though the risk was increased, i. e., this risk is not to fall under the general rule of law first laid down, but is to be construed by the terms of the policy, considered as a special contract, which the insurers might make, and thereby renounce the general rule of law in their favour.
This argument couples the specifications with the sweeping condition just quoted; and it is very clear, that a general proposition, with an enumeration of particulars, will limit its generality, and confirm its meaning to the particular enumeration. For instance, if A. sell to B. all his “cattle,” bulls, cows, oxen, steers and calves, the term “cattle,” although generally including all the domesticated beasts of pasture, will be confined to the particular enumeration made of A.’s bovine stock, and B. could not claim his sheep, goats, &c., although they too be “cattle.” But I do not conceive that the construction would have been obviously the same, if the sale had been of “all A.’s bulls, cows, oxen, steers and calves, and cattle,” which would be nearer a parallel to the present case.
But to return; this is equally a rule of sound logic as of law. The law maxim is, that the meaning of words is to be restricted and directed by the subject matter of which they are used. This maxim is in daily use among men. But the whole object is, to expound the just and true meaning of parties to contracts. In the policy before us, after the enumeration of many hazards, which, if practised within the houses insured, ipso facto, avoid the policy, “so long as the premises shall be so appropriated, applied, or used.” Then there follows, but under a distinct, substantive head, entitled, “conditions of insurance,” the important condition, “after the insurance is effected,” if the risk be increased, &c., by the assured, the policy to be void. This condition provides literally for avoiding the policy, in the event of any increased hazard whatsoever, if introduced by the insured, and would seem to be intended to preserve for the insured, the rule of law first noticed, and in order to prevent the very construction of the policy that has been made against them, by reason of their astute care, so to put the insured upon *287 his guard. But the condition, I would say, is equally for themselves to avoid cavil, upon their reserved legal rights, under established insurance law, and lest these rights should be implied away and excluded by the minute specifications. What reason can be found for swerving from the literal and plain import of the cond'tion, which at the same time preserves a fundamental, if not indispensable law of insurance, that protects the insurer against the conduct of the insured in increasing the risk. Insurance against the misconduct of agents is frequent, but the possible misconduct of the insured himself is at the foundation of the general law applied to this case; for if you make the insured liable in this case, their insurance becomes, in effect, an assurance against the errors or the misconduct of the insured himself, which would be inconsistent and absurd.
For these reasons, this Court concurs in the opinion of the presiding Judge, and the motion is refused.